Harmony Short Line Motor Transportation
Company, Appellant, *v.* Pennsylvania
Public Utility Commission.

Argued April 14, 1949. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J.,
absent).

*Leo Daniels,* with him *Prichard, Lawler, Malone &
Geltz,* for appellant.

*Thomas M. Kerrigan,* with him *Charles E. Thomas,*
for Pennsylvania Public Utility Commission, appellee.

*W. E. Shissler,* with him *Nauman, Smith & Hurlock,*
for intervenor, appellee.

OPINION BY HIRT, J., July 15, 1949:

In this proceeding the Public Utility Commission
refused the application of Harmony Short Line Motor
Transportation Company for additional authority, per-
mitting it to provide local passenger service over a short
route known as the "Fifth Avenue Line" in the con-
tiguous cities of Arnold and New Kensington in West-
moreland County. Notwithstanding the proposed serv-
ice would supply a desirable added convenience to some
of the residents of both Arnold and New Kensington,
the order must be affirmed.

This appellant, which we will refer to as Harmony,
operates as a certified common carrier of passengers by
bus over routes, among others, in the Allegheny Valley.
In March 1937 it was granted additional rights by the
Public Service Commission, extending its passenger bus
service from Pittsburgh into Arnold and New Kensing-
ton, with a terminal in the City of Arnold on the Fifth
Avenue Line. For a number of years prior thereto New
Kensington Cab Company had provided local bus
service in New Kensington and Arnold. And to protect
the cab company in this service, the Commission, in

accordance with a stipulation then agreed to by Harmony, incorporated the following restriction in the order approving the application by Harmony for extended through service; "That no right, power or privilege is granted to transport persons from any point between the terminus of the route in Arnold and the western end of the New Kensington-West New Kensington Bridge to any other point in that section . . ." The route described in the restriction comprises the Fifth Avenue Line, in question here. Westmoreland Transportation Company later succeeded New Kensington Cab Company and continued the local bus service over Fifth Avenue in New Kensington and Arnold, as well as other scheduled service within the area.

In February 1948 Westmoreland Transportation Company became insolvent and its service ended. Prior thereto when the collapse of the Westmoreland service appeared imminent the Commission attempted to interest Harmony as well as Penn Transit Company, which also operated in the general area, in taking over and continuing the service. Harmony was interested only in acquiring the local service on Fifth Avenue in Arnold and New Kensington, and on February 12, 1948, filed the present application for amendment to its common carrier certificate to include that service. In accordance with an offer of Penn Transit Company, approved by the Commission, the interrupted city-wide local service in New Kensington and Arnold was resumed by that company on February 12, 1948. The following day Penn Transit Company purchased all of the assets and operating rights of the defunct Westmoreland Transportation Company at bankruptcy sale. Since then it has made available the scheduled through service within the area, as well as the extensive local service in Arnold and New Kensington, formerly supplied by Westmoreland Transportation Company. Penn Transit

Company whose rights are vitally involved in this proceeding was a protestant before the Commission and is an intervening appellee here.

Penn Transit Company now makes 90 round trips per day over the route in question by means of 8 buses per hour, four each way, running approximately fifteen minutes apart. If Harmony were permitted to enter the field of local transportation, by removal of the present restriction, its buses, which make 83 round trips daily, would about duplicate the present available transportation facilities. Many witnesses testified before the Commission that the service provided by Penn Transit Company is not satisfactory. But their dissatisfaction consists largely in the fact that while they are waiting for Penn buses along the route in question, a partially filled Harmony bus passes them by. Of course it would be an accommodation to them if these buses were made available for local service.

The order of the Commission, however, in its broad aspects, is right. The distance covered by the service involved in the restriction, which Harmony seeks to acquire, is but 1.2 miles as against a total of 70.7 miles of routes over which Penn Transit Company is required to provide adequate and convenient service. The local service here involved covers but 10 city blocks in the commercial section of Arnold and New Kensington. This is the area of profitable operation because of the demand for local passenger service along the Fifth Avenue route in the two cities. That fact is conceded and is rather clearly indicated by the fact that Harmony made a bid of $23,000 for the certificate covering 1.2 miles of the Fifth Avenue Line at the bankruptcy sale, which is only $13,000 less than the successful bid of Penn Transit Company for all of the property and operating rights of Westmoreland Transportation Company over routes 70 miles long. The Penn Company has bought new equipment and now has an investment

of about $250,000; its overall service has been reasonably adequate.

It was the duty of the Commission to preserve a dependable city-wide local transportation service (*Mod. Trans. Co. v. Pa. Pub. Util. Com. et al.,* 139 Pa. Superior Ct. 197, 202, 12 A. 2d 458) for the whole community and not for a small part of it, merely, at the expense of the rest. What was said in *Beaver Val. Serv. Co. v. P. S. C. et al.,* 122 Pa. Superior Ct. 221, 225, 186 A. 304, is pertinent here: "The question is not whether the granting of the application will be for the convenience and accommodation of some of the public, but whether it will be for the convenience, accommodation and advantage of the public generally and considered as a whole. The Commission's judgment on such a question, which is peculiarly within their experience and training, is better than ours." On that question the Commission found ". . . that the portion of Penn Transit Company's route involved in this application is of substantial importance to and necessary for, successful operation of that company's city wide service in New Kensington. In view of the financial difficulties experienced by Westmoreland Transportation Company, even with the protection afforded it by the restrictive provision in the certificate of Harmony Short Line Transportation Company, we are reluctant in the public interest to deprive its successor of what might be an essential safeguard for its overall operations. If, by approving the application and thereby removing this safeguard, all of the service expected of Penn Transit Company should be endangered, this loss of service would far outweigh any temporary additional convenience which might be enjoyed by some of the company's patrons." It is obvious from the testimony that the danger would be real.

The scope of our review in this appeal is limited. The Commission's order is not based upon error of law. There is competent evidence amply supporting the find-

ings and determination of the Commission. The order therefore is final. Section 1107 of the Public Utility Law as amended by the Act of July 3, 1941, P. L. 267, §3, 66 PS §1437.

Order affirmed.